UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

MARY KATHRYN VALENTINE,

    Plaintiff,

v.

VICTORY OPERATING COMPANY, LLC. d/b/a
AMERICAN QUEEN VOYAGES,

    Defendants.

                                                /

Case No.:    4:23-cv-40

**COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, MARY KATHRYN VALENTINE, sues Defendants, VICTORY OPERATING COMPANY, LLC. d/b/a AMERICAN QUEEN VOYAGES, and alleges:

**Preliminary Allegations**

1. Plaintiff, MARY KATHRYN VALENTINE, is a citizen of Michigan.

2. Defendant, VICTORY OPERATING COMPANY, LLC. d/b/a AMERICAN QUEEN VOYAGES. (hereinafter "AMERICAN QUEEN"), is incorporated in Delaware with its principal place of business in Fort Lauderdale, Florida.

3. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the Parties are completely diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the Court's admiralty jurisdiction.

4. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because AMERICAN QUEEN unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file

1

cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

5. Defendants, at all times material hereto, personally or through an agent:

   a. The cruise line ticket AMERICAN QUEEN issued to Plaintiff requires that suit be brought in this Court against AMERICAN QUEEN in this action.

6. The Defendants are subject to the jurisdiction of the Courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States. Notwithstanding the application of General Maritime Law and, pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all claims asserted herein.

## Facts Common to All Counts

8. At all times material hereto, AMERICAN QUEEN owned, operated, managed, maintained and/or controlled the subject vessel, *Ocean Victory* (hereinafter referred to as "the vessel").

9. AMERICAN QUEEN, as a common carrier, was engaged in the business of providing to the public, and to the Plaintiff in particular, for compensation, vacation cruises.

10. At all times material hereto, Plaintiff was a paying passenger and lawfully aboard the vessel.

11. At all times material hereto, AMERICAN QUEEN operated the vessel in navigable waters.

12. On or about May 19, 2022, while aboard the vessel, the Plaintiff tripped and fell on an unmarked, hidden threshold in the interior of the vessel, while making her way from the observation deck to the indoor portion of the vessel (herein referred to as the "subject area"), causing her to sustain severe injuries.

13. The unmarked, hidden threshold sticking up from the floor was not open and/or obvious and the Plaintiff has no way of knowing the existence of the hazardous condition.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirteen (13) as though alleged originally herein.

14. At all times material hereto, AMERICAN QUEEN had a duty to provide Plaintiff with reasonable care under the circumstances, which included a duty to warn the Plaintiff of dangerous conditions AMERICAN QUEEN knew and/or should have known of aboard the vessel, and specifically, in places aboard the vessel where AMERICAN QUEEN invited Plaintiff to visit and/or in places AMERICAN QUEEN reasonably expected Plaintiff would visit.

15. On or about May 19, 2022, the Plaintiff tripped and fell on an unmarked, hidden threshold in the interior of the vessel, while making her way from the observation deck to the indoor portion of the vessel, causing her to sustain severe injuries aboard the Defendant's vessel, which is a place that plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

16. On or about May 19, 2022, AMERICAN QUEEN and/or its agents, servants and/or employees breached its duty to warn Plaintiff through the following acts and/or omissions:

   a. Failure to warn passengers and the Plaintiff of the unreasonable dangerous threshold or trip hazard on or about the subject area; and/or

   b. Failure to adequately warn the Plaintiff of the danger posed by the unreasonably dangerous threshold or trip hazard on or about the subject area; and/or

   c. Failure to adequately warn the Plaintiff of the poorly maintained threshold, protrusion, uneven surface, or objects on or about the subject area; and/or

   d. Failure to adequately warn passengers and Plaintiff of other similar falls previously occurring on or about similar threshold, like the one in the subject

          area, onboard the subject vessel and/or Defendant's other vessels fleet-wide; and/or

    e. Failure to place signs and/or secured mechanisms near the subject area so as to warn passengers, including the Plaintiff, of the dangerous conditions associated with same.

17. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff would not have used the subject steps and/or would have been reasonably informed as to the dangerous conditions associated with the subject steps had AMERICAN QUEEN and/or their agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

18. At all times material hereto, AMERICAN QUEEN knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that AMERICAN QUEEN, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

19. As a direct and proximate result of AMERICAN QUEEN's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST RCCL

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirteen (13) as though alleged originally herein.

20. At all times material, AMERICAN QUEEN owned, operated, managed, maintained and/or controlled the subject vessel, including the subject area.

21. At all times material hereto, AMERICAN QUEEN had a duty to provide Plaintiff with reasonable care under the circumstances, which included a duty to reasonably maintain the subject area aboard the vessel.

22. On or about May 19, 2022, AMERICAN QUEEN and/or its agents, servants and/or employees breached its duty to reasonably maintain the subject area aboard the vessel through the following acts and/or omissions:

   a. Failure to adequately and regularly inspect the subject and surrounding areas to determine whether the flooring surface and thresholds thereon created an unreasonably dangerous trip and fall hazard; and/or

   b. Failure to maintain the subject and surrounding area in a reasonably safe condition for use by passengers in light of the anticipated use of the walking area; and/or

   c. Failure to maintain the subject area flooring surface and surrounding area in a reasonably safe condition, including, but not limited to, closing off the subject and surrounding area that contained a trip and fall hazard, repairing the trip hazard in a timely manner, placing cones or caution tape around the dangerous trip hazard, and/or cordoning off the area where the trip hazard existed so as to not put passengers in harms' way; and/or

23. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for AMERICAN QUEEN's failure to reasonably maintain the subject area aboard the vessel.

24. At all times material hereto, AMERICAN QUEEN knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to inspect and/or maintain the subject

5

area, or the conditions existed for a sufficient length of time so that AMERICAN QUEEN, in the exercise of reasonable care under the circumstances, should have learned of them.

25. As a direct and proximate result of AMERICAN QUEEN's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT III – GENERAL NEGLIGENCE AGAINST RCCL

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through thirteen (13) as though alleged originally herein.

26. At all times material, AMERICAN QUEEN owned, operated, managed, maintained and/or controlled the subject vessel, including the subject area.

27. At all times material hereto, AMERICAN QUEEN had a duty to provide Plaintiff with reasonable care under the circumstances.

28. On or about May 19, 2022, AMERICAN QUEEN and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

a. Failure to provide its passengers, such as the Plaintiff, with reasonable care under the circumstances; and/or

b. Failure to provide safe passage aboard its vessel, the *Victory*; and/or

c. Failure to adequately provide passengers like the Plaintiff with a reasonably safe place to walk, in the subject and surrounding area, free of trip hazards; and/or

d. Failure to maintain a reasonably safe walkway in the subject area, in light of the anticipated traffic on the deck and/or anticipated purpose of the area; and/or

e. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger posed by the trip hazard or hidden or unknown protrusion coming from the floor in the subject area; and/or

f. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of trip hazards and other dangerous conditions; and/or

g. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject area in a reasonably safe condition; and/or

h. Failure to analyze prior trip-and-fall accidents aboard Defendant's vessels involving thresholds and unmarked and hidden protrusions, and to remedy such hazardous conditions; and/or

i. Failure to correct hazardous conditions following prior accidents in the same area; and/or substantially similar areas on board the subject vessel and/or other vessels fleet-wide; and/or

j. Failing to timely and/or reasonably remedy the dangerous conditions associated with dangerous change in elevation presented by the subject area; and/or

k. Failure to provide adequate medical care to passengers after they sustain injuries like the Plaintiff.

29. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident and resulting injuries would not have occurred but for such acts and/or omissions.

30. At all times material hereto, AMERICAN QUEEN knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that AMERICAN QUEEN, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

31. As a direct and proximate result of AMERICAN QUEEN's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

Dated: March 16, 2023

Respectfully submitted,

O'Bryan Baun Karamanian

*/s/ Dennis M. O'Bryan*
Dennis M. O'Bryan (P30545)
Attorney for Plaintiff
401 S. Old Woodward Ave., Ste. 463
Birmingham, MI 48009
248.258.6262, 248.258.6047 – fax
dob@obryanlaw.net